NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TEODORA L. OWEN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-1850

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-15-0543-I-1.

---

Decided: September 12, 2016

---

TEODORA L. OWEN, Zambales, Philippines, pro se.

JEFFREY LOWRY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Teodora L. Owen is the widow of John E. Owen, a former federal government employee. In 2008, she filed an application with the Office of Personnel Management for survivor benefits under the Civil Service Retirement System (CSRS) based on her late husband's federal service. OPM denied the application in 2010, the Merit Systems Protection Board affirmed the same year, and we dismissed Mrs. Owen's appeal in early 2011 for failure to prosecute.

In 2015, Mrs. Owen filed the application at issue in the present appeal. She applied to OPM for permission to make a deposit into the CSRS fund on behalf of her late husband as a step toward receiving CSRS survivor benefits. OPM declined to consider the application because, in rejecting Mrs. Owen's earlier application in the 2008–2011 proceeding, it had already found that Mr. Owen's service was not a permissible basis for CSRS benefits. The Board affirmed. We now affirm that decision.[1]

BACKGROUND

Mr. Owen was a federal civil-service employee in the competitive service from April 9, 1945, through August 30, 1945. After leaving that post, he requested and received a refund of the retirement deductions that had been deposited into the CSRS fund. Many years later, starting in 1969, Mr. Owen held a position with a Non-Appropriated Fund Instrumentality (NAFI), the U.S. Navy Exchange, in Subic Bay, Philippines—a position he lost on September 4, 1991, based on a federal reduction in force. During his NAFI service, Mr. Owen declined to participate in the NAFI's retirement and insurance plans. Mr. Owen died on July 13, 1996.

---

[1]    We grant Mrs. Owen's motion to file a supplemental memorandum in lieu of oral argument.

On September 2, 2008, Mrs. Owen filed her first application with OPM for survivor benefits based on her late husband's federal service. OPM found that Mrs. Owen was not entitled to benefits because the Civil Service Commission had refunded Mr. Owen's retirement deductions in 1946. After an initial remand from the Board for further consideration of Mr. Owen's federal employment between 1969 and 1991, *see Owen v. Office of Pers. Mgmt.*, No. SF-0831-09-0452-I-1, 2009 WL 3379697 (MSPB Aug. 6, 2009) (*Owen I*), OPM found that the 1969–1991 service likewise did not entitle Mrs. Owen to the requested CSRS benefits, because the Civil Service Retirement Act did not cover Mr. Owen's NAFI service. *See* 5 U.S.C. § 2105(c).

The Board affirmed. *Owen v. Office of Pers. Mgmt.*, No. SF-0831-10-0366-I-1 (MSPB Nov. 2, 2010) (*Owen II*). The Board specifically considered and rejected Mrs. Owen's argument that 5 U.S.C. § 8334(h) entitled her to make a CSRS deposit on behalf of her husband based on his 1969–1991 service. *Id.* at 2. The Board ruled that § 8334(h) applied only to covered positions and that a retroactive deposit could not "convert" Mr. Owen's non-covered NAFI service in 1969–1991 "into a covered position." *Id.* Mrs. Owen appealed the Board's decision to this Court, but in January 2011, we dismissed the appeal for failure to prosecute. *Owen v. Office of Pers. Mgmt.*, 453 F. App'x 971 (Fed. Cir. 2011).

On March 1, 2015, Mrs. Owen filed her second survivor-benefit application with OPM, seeking again to qualify by requesting the opportunity to make a deposit into the CSRS fund based on her late husband's service from 1969 to 1991. OPM declined to consider the application. It stated that the agency had previously found that Mrs. Owen was not eligible to make a CSRS deposit because Mr. Owen's NAFI service was not covered for federal civil service retirement purposes.

On appeal to the Board in 2015, Mrs. Owen argued that her appeal "should be reopened for due process" because Mr. Owen was misinformed, or relied on misinformation, when he requested a refund of his 1945 CSRS deposits and when he refused to participate in the NAFI retirement plan. J.A. 14. She also argued that Mr. Owen was disabled and hospitalized when his NAFI position ended and that she "inadvertently" neglected "to file for disability or immediate retirement" at that time. *Id.* And she argued that she was entitled to benefits under the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986, Pub. L. No. 99-638, 100 Stat. 3535 (codified at 5 U.S.C. § 8332(b)(16)).

The administrative judge held that claim preclusion barred Mrs. Owen's application. Specifically, the administrative judge found that, in *Owen II*, Mrs. Owen had received a final decision from a forum with jurisdiction over the merits of all the issues that she raised in her appeal, and that the same parties were involved in both cases. Alternatively, the administrative judge ruled that issue preclusion would bar Mrs. Owen's application even if claim preclusion did not apply.

On review, the Board affirmed the administrative judge's finding of claim preclusion. *Owen v. Office of Pers. Mgmt.*, No. SF-0831-15-0543-I-1 (MSPB Feb. 1, 2016) (*Owen III*). The Board also rejected Mrs. Owen's argument that the administrative judge was biased, concluding that Mrs. Owen "offer[ed] no evidence or argument that the administrative judge's comments or actions evidenced 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" J.A. 10.

Mrs. Owen appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's legal conclusions on claim preclusion de novo. *See Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008).

Under the doctrine of claim preclusion applied by the Board (and federal courts), "a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action." *Peartree v. U.S. Postal Serv.*, 66 M.S.P.R. 332, 337 (1995); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003). Where it applies, claim preclusion prevents "the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Peartree*, 66 M.S.P.R. at 337. According to the Board's claim-preclusion standard, a prior judgment bars a subsequent action if (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.*

The Board properly held that claim preclusion, based on the 2010 Board decision (*Owen II*), barred Mrs. Owen's new appeal. *Owen II* was a valid, final judgment on the merits of Mrs. Owen's claim for CSRS survivor benefits based on Mr. Owen's federal service. *See Peartree*, 66 M.S.P.R. at 337. Claim preclusion therefore applied to any issues that Mrs. Owen raised or could have raised in *Owen II. See id.*

That bar covers each of the issues Mrs. Owen has raised in supporting her second application, brought to

the Board in 2015 and now before us. For example, in *Owen II*, the Board found that "Mr. Owen consistently rejected the retirement plan offered by the Navy Exchange to NAFI employees" and "withdrew the retirement deductions covering his 1945 employment." J.A. 17. Mrs. Owen could have raised in *Owen II* her current allegations about misinformation affecting Mr. Owen's 1946 withdrawal of his CSRS deposits and about his decisions not to participate in the NAFI retirement plan. Likewise, the Board in *Owen II* considered and rejected Mrs. Owen's argument that her late husband's disability entitled him to benefits and excused her failure to file. Finally, the Board in *Owen II* considered and rejected Mrs. Owen's argument that the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986 supported the benefits claim—concluding that the 1986 Act applies only to certain civil service employees who held NAFI positions between 1952 and 1966, *see* 5 U.S.C. § 8332(b)(16), a period in which Mr. Owen did not hold such a position.

Mrs. Owen's allegations of misconduct do not undermine the entitlement of *Owen II* to preclusive effect. Mrs. Owen alleges that "there was concealment of the facts and misinformation that the agency was concealing the right of a widow." Pet. Br. 1. But she has not offered, and we do not ourselves see, any meaningful evidence to support those allegations. In these circumstances, the Board's ruling here properly rests on claim preclusion.

CONCLUSION

For the foregoing reasons, the judgment of the Board is affirmed.

No costs.

**AFFIRMED**